922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Avery ROY, Arvil ROY, d/b/a Roy Brothers, Plaintiffs-Appellees,
Dean E. Richards, Attorney-Appellee,
J. Baxter Schilling, Trustee, for Avery Roy and Arvil Roy
d/b/a Roy Brothers Construction Company, Plaintiff,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellant,
United States Fire Company, et al., Defendants.
 No. 90-5133.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal is brought by defendant, United States Fidelity & Guaranty Company, from an order of the United States District Court for the Western District of Kentucky denying its post-judgment motion for sanctions under Fed.R.Civ.P. 11 against plaintiffs, Avery and Arvil Roy and their attorney, Dean E. Richards. USF & G moved for sanctions against the Roy brothers and their counsel for failing to assess continually the basis of their pleadings and to dismiss the action once it became apparent that it was not grounded in fact or warranted by existing law, as required by Rule 11. USF & G's motion was made after the entry of summary judgment as to all of the Roy brothers' claims.
 
 
 2
 The issue on appeal is whether the district court erred in finding that there was no continuing obligation on plaintiffs and their counsel to assess whether their pleadings satisfy the requirement of Rule 11 that they be "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and if not, to cause the claims contained in those pleadings to be dismissed.
 
 
 3
 USF & G argues that this Court has clearly stated that Rule 11 imposes a "continuing obligation" and the district court's legal conclusion to the contrary was erroneous. The Roy brothers and Richards assert that the district court's ruling was correct because they filed the original action before the 1983 amendments to Rule 11, which, at that time, required a subjective good faith standard for pleadings. The present version of the Rule requires that an attorney conduct an inquiry into the facts and law before filing a complaint. The new test is therefore an objective one, utilizing reasonableness under the circumstances.
 
 
 4
 A deferential standard of review of a district court's ruling on a Rule 11 violation is proper. The United States Supreme Court has recently stated that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359, 381-82 (1990).
 
 
 5
 The district court found at page 10 of its Memorandum-Opinion:
 
 
 6
 Rule 11 relates to papers filed in court by an attorney, and not to other questionable attorney conduct. Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224 (6th Cir.1989). Even under the more stringent requirements of the amended Rule 11, the rule's focus is still a narrow one. The rule 'relates to a specific act--the signing, and to a specific time--the time of signing.' Jackson at 1229. Rule 11 does not impose a continuing obligation on the signer to update, correct or withdraw any pleading, motion or other paper which satisfied the requirements of Rule 11 when signed. Id.; Oliveri v. Thompson, 803 F.2d 1265, 1274 [2d Cir.1986]; Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc., 809 F.2d 451, 454 (7th Cir.1987).
 
 
 7
 Further, the district court concluded that amended Rule 11 did not apply in this case because the factual allegations made in the plaintiffs' four complaints were made prior to the Rule's amendment. USF & G has not complained of any other pleadings, motions or papers signed by the plaintiffs' counsel which were filed after 1983.
 
 
 8
 The Fifth Circuit Court of Appeals' perspective of Rule 11 is that "[l]ike a snapshot, Rule 11 review focuses on the instant when the picture is taken--when the signature is placed on the document." Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 874 (5th Cir.1988). The Roy brothers and Richards argue that their duty as to the complaint, which was signed before the amendment, did not change once the amendment took effect, because the duty is firmly linked to the act of signing. Therefore, they assert that their duty remained that of subjective good faith. The district court found no subjective bad faith on the part of the plaintiffs or their counsel with respect to various complaints filed in this action.
 
 
 9
 Therefore, we find that the district court applied the correct legal standard and did not err when it found no Rule 11 violation. Having the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we agree with the district court that there was no continuing obligation in this particular action and no evidence of subjective bad faith by the plaintiffs or their counsel.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation